**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Morgan Adams, | No. CV 10-1558-PHX-RCB (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Maricopa County Sheriff's Office, et al., | |
| Defendants. | |

On July 22, 2010, Plaintiff Morgan Adams, who is confined in the Maricopa County Estrella Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. On the same date, the Clerk of Court issued a Notice of Assignment (Doc. 2) informing Plaintiff that his case had been received and assigning a case number and a judge. The Notice of Assignment was mailed to Plaintiff on July 23, 2010.

On August 16, 2010, the Court granted Plaintiff *in forma pauperis* status and dismissed the Complaint with leave to amend (Doc. 5). On August 25, 2010, the screening Order was returned to the Court with the notation "Void," "Unclaimed," and "Return to Sender." On September 30, 2010, the Clerk of Court entered a judgment of dismissal because Plaintiff failed to file an amended complaint.

On October 8, 2010, Plaintiff filed a "Motion to Stop Withdrawal of Monies from Plaintiff's Account" (Doc. 9). In his Motion, Plaintiff states that his Complaint "was turned

in out of spite/hate from another inmate." Plaintiff asks the Court "void" his case and stop withdrawals from his inmate account for payment of the filing fee.

Nothing in Plaintiff's Complaint or Application to Proceed *In Forma Pauperis* suggests that it was someone other than **Plaintiff** who filed this action or that the filing of this action was unintentional: both documents are signed and dated by **Plaintiff**, are filled out completely, and comply with instructions from the Court. Further, as part of the Application to Proceed *In Forma Pauperis*, an authorized officer of the Maricopa County Jail certified the amount of money in **Plaintiff's** inmate account and included a copy of **Plaintiff's** six-month trust account statement. Moreover, the Clerk of Count mailed the Notice of Assignment to **Plaintiff** within a day of the filing date of the Complaint, and there is nothing to suggest that **Plaintiff** did not receive the Notice of Assignment. If this action was wrongfully "turned in" by another inmate or if Plaintiff had not intended to file this action, Plaintiff should have promptly notified the Court and requested dismissal after he received the Notice of Assignment.

Finally, 28 U.S.C. §1915(b)(1) states:

[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of–

   (A) the average monthly deposits to the prisoner's account; or

   (B) the average monthly balance in the prisoner's account for the 6–monthly period immediately proceeding the filing of the complaint or notice of appeal.

Title 28 U.S.C. § 1915 does not provide any authority or mechanism for the Court to waive the payment of Plaintiff's filing fee, or to return the filing fee after dismissal of an action.

It is clear that in amending 28 U.S.C. § 1915 with the enactment of the Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996) (PLRA), Congress intended to provide financial disincentives for prisoners filing lawsuits in forma pauperis. See <u>Lyon v. Krol</u>, 127 F.3d 763, 764 (8th Cir.1997) ("Congress enacted PLRA

1  with the principal purpose of deterring frivolous prisoner litigation by instituting economic
2  costs for prisoners wishing to file civil claims.  <u>See</u>, <u>e.g.</u>, H.R. Conf. Rep. No. 104-378, at
3  166-67 (1995);  141 Cong. Rec. S14626 (daily ed.)  (Sept. 29, 1995) (statement of Sen.
4  Dole)").

5        The decision to file and prosecute this case was made by Plaintiff before he filed this
6  case.  Having filed this case, Plaintiff and the Court are both statutorily limited by the
7  strictures of 28 U.S.C. § 1915.  Accordingly, Plaintiff's request to stop collection of the filing
8  fee will be denied.

9        **IT IS ORDERED** that Plaintiff's October 8, 2010 Motion to Stop Withdrawal of
10 Monies from Plaintiff's Account (Doc. 9) is **denied**.

11       DATED this 22nd day of October, 2010.

_____
Robert C. Broomfield
Senior United States District Judge

- 3 -